BROWN, Chief Judge,
dissents.
hLa. R.S. 9:2794(D)(5) states: “[njothing in this Subsection shall be construed to prohibit a physician from qualifying as an expert solely because he is a defendant in a medical malpractice claim.”
As to credibility, the supreme court in Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.02/29/00), 755 So.2d 226, 236, opined that “the trial judge cannot make credibility determinations on a motion for summary judgment.” See Sportsman Store of Lake Charles, Inc. v. Sonitrol Security Systems of Calcasieu, Inc., 99-0201 (La.10/19/99), 748 So.2d 417, 421, (“[t]he rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony”).
A person may qualify as an expert witness if he was practicing medicine at the time such testimony is given or at the time the claim arose, and is qualified on the basis of training or experience to offer an expert opinion regarding the standard of care. La. R.S. 9:2794(D). Dr. Patwar-dhan was a graduate of UCLA Medical School, had completed his residency in neurosurgery at LSU, as well as a post residency fellowship at UCLA. He also taught at LSU School of Medicine and had a private practice in neurosurgery for more than three years. At the time the claim arose, he was and still is licensed to practice medicine in Louisiana. He was Board eligible in neurosurgery. After this claim arose, he agreed to an interim suspension of surgery only and continued seeing patients. Credibility aside, he was qualified to give an expert opinion in this case.
Dr. Lieberson, a Board certified practicing neurosurgeon, was qualified as an expert. He stated in his affidavit that he read and reviewed all of the medical records and viewed the images. He rendered an opinion. Frankly, he did exactly what was done by the Medical Review Panel members. His affidavit should also have been considered.
There are material issues of fact outstanding, and the MSJ should |2have been denied. I agree with the majority that the partial summary judgment on the issue of damages should be reversed.